UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYVON MAURICE BROOKS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
                                       /

Case No. 13-20751

Honorable John Corbett O'Meara

## ORDER GRANTING MOTION TO FILE A REPLY AND DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

This matter came before the court on petitioner Tyvon Maurice Brooks' June 24, 2016 Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The government filed a response December 14, 2016. Petitioner Brooks filed a Motion for Leave to File Traverse to Government's Answer to § 2255 Motion on January 20, 2017. The court will grant the latter motion and accept Petitioner's proposed "traverse-reply" as a reply to the instant motion.

On September 10, 2013, defendant Brooks and Hakiem Hassan Josey, his co-defendant, approached a woman leaving a convenience store. As she got into her minivan, the two men approached, pointed a gun at her, and demanded her car. The victim, fearing for her life, immediately drove away and reported the incident to

police. The men fled on foot; and while police were in pursuit, defendant Brooks threw the gun into some bushes. Following their arrests, both men confessed to attempted carjacking.

On November 6, 2014, Brooks entered a guilty plea to one count of attempted carjacking and one count of using a firearm during and in relation to a crime of violence. The court, on April 28, 2015, sentenced Brooks to 94 months' imprisonment. Brooks filed this motion June 24, 2016.

## **LAW AND ANALYSIS**

Pursuant to 28 U.S.C. § 2255(a),

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts

to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).

Under 28 U.S.C. § 2255(b), evidentiary hearings are not required if "the motion and the files and records of the case conclusively show that prisoner is entitled to no relief." Because the files and records of this case conclusively show that Petitioner is not entitled to relief, an evidentiary hearing is unnecessary; and the court will rule on this matter on the briefs submitted.

As an initial matter, petitioner Brooks' motion is time barred, as it was filed outside the statute of limitations. A motion to vacate under 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a defendant does not file a timely appeal to the court of appeals, like petitioner Brooks in this case, "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed. Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004). In most cases, that period is one year and 14 days from the date the judgment appears on the docket. Brooks' judgment was entered April 30, 2015; and he did not file an appeal. Therefore, his § 2255 motion was due no later than May 14, 2016. His motion, filed June 24, 2016, is not timely.

While § 2255 provides a separate, one-year statute of limitations to file a motion that runs from "the date on which the right asserted was initially recognized by the Supreme Court," as with the Johnson claim in Petitioner's Ground Two, that provision also requires that the right be "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). However, Johnson is not retroactive on collateral review except in cases involving the Armed Career Criminal Act ("ACCA"). Moreover, the Supreme Court has not applied the Johnson holding to 18 U.S.C. § 924(c) at all, much less made it retroactive on collateral review. This case does not involve the ACCA; therefore, the Court's ruling in Johnson does not excuse petitioner Brooks' untimely filing of his petition.

Even if Brooks' petition were timely, it would be denied by the court. The Supreme Court's holding in Johnson does not affect the residual clause of § 924(c). For purposes of 18 U.S.C. § 924(c), the term "crime of violence" is defined as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against a person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Subsection (A), called the "elements clause" or the "force clause," looks to the elements of the offense and whether the elements involve the use of force. See, e.g., United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015). Subsection (B) is called the "residual clause" and looks to the risk of force posed by the offense.

In Johnson, the Supreme Court invalidated the residual clause in the ACCA, but it left intact that statute's elements clause and enumerated offense clauses. Johnson, 135 S. Ct. At 2563. Therefore, even if the residual clause in § 924(c) is affected by Johnson, petitioner Brooks is not entitled to relief if his predicate offense, carjacking, is a crime of violence under § 924(c)'s elements clause.

The United States Court of Appeals for the Sixth Circuit has held that the residual clause of § 924(c) is unaffected by the Court's decision in Johnson. United States v. Taylor, 814 F.3d 340, 376 (6th Cir. 2016). In short, the appellate court has held that "the argument that Johnson effectively invalidated § 924(c)(3)(B) is . . . without merit." Id. at 379. Because carjacking involves a substantial risk that physical force against the person of another may be used in the commission of the offense, it is a crime of violence under the residual clause of § 924(c). In re Smith, 829 F.3d 1276, 1284 (11th Cir. 2016). Therefore, the court must deny petitioner Brooks' motion to vacate, set aside or correct sentence.

A certificate of appealability must issue before a petitioner may appeal a district court's denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).

Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right. "Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case the court concludes that reasonable jurists would not find the court's assessment of Petitioner's claims debatable or wrong. Accordingly, the court will decline to issue a certificate of appealability.

## **ORDER**

It is hereby **ORDERED** that petitioner Brooks' motion for leave to file a reply is **GRANTED**.

It is further **ORDERED** that petitioner Brooks' June 24, 2016 motion under 28 U.S.C. § 2255, is **DENIED**.

It is further **ORDERED** that the court **DECLINES TO ISSUE** a certificate of appealability.

s/John Corbett O'Meara
United States District Judge

Date: April 11, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 11, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager
