UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 13-20751

vs.                                           HON. MARK A. GOLDSMITH

TYVON MAURICE BROOKS,

        Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT TYVON MAURICE BROOKS'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 81) WITHOUT PREJUDICE

This matter is before the Court on Defendant Tyvon Maurice Brooks's motion for compassionate release (Dkt. 81) due to the impact of the COVID-19 pandemic. The Government has filed a response to the motion (Dkt. 83) asserting that Brooks has not fully exhausted his administrative remedies or waited 30 days after the warden's receipt of Brooks's request for compassionate release, which is required under 18 U.S.C. § 3582(c)(1)(A). For the reasons discussed below, Brooks's motion is denied without prejudice for failure to comply with § 3582(c)(1)(A).

Brooks seeks compassionate release to home confinement under the First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194. The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences, United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Generally, federal courts cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a

reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Before seeking compassionate release from federal courts, however, prisoners must "fully exhaust[ ] all administrative rights" or else they must wait for 30 days after the warden's "receipt of [their] request." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit recently held, among other things, that there are no statutory exceptions to this requirement, and that the unprecedented COVID-19 pandemic does not warrant creating an equitable exception. United States v. Alam, --- F.3d ---, 2020 WL 2845694, at *3-4 (6th Cir. June 2, 2020). When faced with an untimely motion for compassionate release, district courts must dismiss the motion without prejudice. See id. at *5 ("If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions.").

In his motion, Brooks attached his request for compassionate release to the warden. See 4/21/2020 Email, Ex. 3 to Brooks's Mot., at PageID.262 (Dkt. 81). Brooks filed the present motion less than two weeks later, on May 4, 2020. The Government has properly raised § 3583(c)(1)(A) as a defense. Resp. at 2-3. Therefore, in light of the Sixth Circuit's clear instruction on this issue, Brooks's motion (Dkt. 81) must be dismissed without prejudice.

SO ORDERED.

Dated:  June 22, 2020                               s/Mark A. Goldsmith
 Detroit, Michigan                                  MARK A. GOLDSMITH
                                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2020.

                                                    s/Karri Sandusky
                                                    Case Manager